Terry Scannell, OSB No. 853220
SCANNELLAW LLC
7307 SW Belevand Rd Ste 200
Portland, OR 97223
Ph: 503-789-6566
Email: terry@scannellaw.com

Shannon Raye Martinez, OSB No. 034276
SHANNON MARTINEZ LAW, LLC
400 Glen Creek Rd NW, #5613
Salem, OR 97304
Ph: 503-877-5213
Email: shannon@shannonmartinezlaw.com

*Attorneys for Defendant Milk Movers USA, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TILLAMOOK COUNTY CREAMERY ASSOCIATION**, an Oregon Cooperative,<br><br>Plaintiff,<br><br>v.<br><br>**MILK MOVERS USA LLC**, a California Limited Liability Company; et al.,<br><br>Defendants. | Case No. 3:26-cv-00400-AR<br><br>**MOTION TO JOIN ANDERSEN DAIRY, INC. AS PARTY AND INTERPLEAD FUNDS**<br><br>**FRCP 22; 28 USC § 1335** |

Pursuant to FRCP 22 and 28 U.S.C. § 1335, Defendant Milk Movers USA LLC ("Milk

Movers") hereby moves this court for an order: (1) joining Andersen Dairy, Inc. ("Andersen") as

a party to this proceeding, for the sole purpose of interpleading funds that Andersen is holding on

account of Milk Movers USA LLC; and (2) allowing Andersen to deposit the funds it is holding

**Page 1 – MOTION TO JOIN PARTY**

with the clerk of this Court, in accordance with FRCP 67 and LR 67.  This Motion is supported by the pleadings on record herein, the memorandum of law set forth below, and the Declarations of Scott J. VanGelder, Corporate Secretary of Andersen Dairy, Inc. (the "VanGelder Dec") and Shannon Raye Martinez (the "Martinez Dec"), filed herewith. Counsel for Milk Movers made a good faith effort to resolve the dispute but has been unable to do so. Counsel for Milk Movers has attempted to confer with all counsel in this case. Counsel for Plaintiff, and Counsel for Defendants Quick Funding Group, LLC, The Brown Cow Dairy, LLC, Harlen E. and Hillary Jo Meirsma, Fekkes Dairy, LLC, Callahan Dairy LLC, Castle Grove Dairy, LLC, Spring Creek Dairy, LLC and Andersen and such parties do not oppose the addition of Andersen as a party to the case, or the deposit of the Andersen Funds with the registry of this Court.

## I.  Applicable Facts

Plaintiff Tillamook County Creamery Association ("Plaintiff") filed this action for the purpose of interpleading funds which Plaintiff owed to Milk Movers for the purchase and delivery of milk. In addition to Milk Movers, all remaining defendants in the case currently claim some lien or interest in and to the funds interpleaded by Plaintiff by way of one or more of the following: (1) statutory agricultural produce liens under Oregon law; (2) statutory producer liens under Washington law; and/or (3) UCC-1 financing statements. *See Second Amended Complaint*, ¶¶19, 25, 26, Exs. 1-14.

Andersen, like Plaintiff, also purchased milk from Milk Movers and received deliveries of milk from some of the defendants in this case. *See VanGelder Dec* ¶¶ 3 – 5.  Andersen currently owes Milk Movers $225,528.64 for milk deliveries ("Andersen Proceeds"). *See id.* at ¶3. Defendant Quick Funding Group, LLC asserts that it holds a priority claim to the Andersen Proceeds and has demanded payment from Andersen. *See Martinez Dec*, Exhibit 1.  The liens

**Page 2 – MOTION TO JOIN PARTY**

claimed by all defendants (other than Milk Movers) in this case, as set forth in the Second Amended Complaint, also apply and attach to the Andersen Proceeds. *See Second Amended Complaint*, ¶¶19, 25, 26, Exs. 1-14. The total lien amounts of all defendants are greater than the sums interpleaded by Plaintiff. *See Second Amended Complaint*, ¶27. For these reasons, and as explained further below, Andersen should be joined as a party to this proceeding, and the Andersen Proceeds should be interpleaded into this Court.

## II. Procedural History

Milk Movers has not yet filed an answer or first appearance to the Second Amended Complaint. Per order of this Court, dated July 20, 2026, all answer and motion deadlines have been stayed until further order of the Court. A settlement conference has been scheduled from September 2 through 4, 2026. The issues to be addressed in such settlement conference are the validity, perfection and priority of the lien claims of the defendants to the interpleaded funds.

## III. Memorandum of Law

### A. Andersen Should be Joined as a Party So They May Pay Additional Funds into the Interpleader Fund

FRCP 22 allows a defendant to seek to join a party in interpleader. It supplements FRCP 20, which allows for the permissive joinder of parties. It permits joinder of "persons with claims that may expose [defendant] to double or multiple liability." It is proper here to add Andersen as a party to this case. The Andersen Funds are identical in nature to the monies interpleaded by Plaintiff. *See VanGekder Dec*, ¶¶3-5. Andersen, like Plaintiff, owes such monies to Milk Movers on account of milk deliveries from some of the dairies who are existing defendants in this case. *See id. at* ¶5. In addition, all defendants (other than Milk Movers) claim liens or interest in the accounts receivable of Milk Movers, and the proceeds of milk delivered, by way of

**Page 3 – MOTION TO JOIN PARTY**

SHANNON MARTINEZ LAW, LLC
400 Glen Creek Rd NW, #5613, Salem, OR 97304
Tel: (503) 877-5213
Email: shannon@shannonmartinezlaw.com

certain statutory agricultural liens and UCC-1 financing statements. *See Second Amended Complaint*, ¶¶19, 25, 26, Exs. 1-14.

Several defendants have filed liens under Oregon's agricultural produce lien statutes and Washington's statutory processor lien statutes relating to agricultural products. Under Oregon law, an agricultural producer's lien attaches to all agricultural produce delivered or transferred to the purchaser, and to all other inventory of the purchaser, as well as the proceeds from the sale of any agricultural produce by the purchaser. *See* ORS 87.710. Under Washington law, such liens attach to the agricultural produce delivered, and to the inventory and accounts receivable of the purchaser. *See* RCW 60.13.020; RCW 60.13.010(7). In this case, the Andersen Funds are accounts receivables and proceeds of the milk delivered to Andersen, for which statutory liens are claimed. *See VanGelder Dec,* ¶¶3-5; *Second Amended Complaint, Exs.* 6-14. Additionally, several defendants claim a security interest in the accounts receivable of Milk Movers. *Second Amended Complaint, Exs.* 1-5. The Andersen Funds are an account receivable of Milk Movers. *See id. at* ¶3.

Here, it is proper and necessary to add Andersen to the case, and allow interpleader of the Andersen Funds, to avoid multiple lawsuits and inconsistent or multiple liability. All defendants have identical claims to the Andersen Funds as they have to the funds interpleaded by Plaintiff. All defendants claim a lien or interest in both the Plaintiff's interpleaded funds and the Andersen Funds. *See Second Amended Complaint*, Exs. 1-14. The relevant priorities and claims of the parties to both the existing interplead funds and the Andersen Funds are the same. Therefore, if Andersen is required to file a separate interpleader action, the parties would then be litigating the same priorities and lien claims as will be decided in this case. To avoid inconsistent results and multiple lawsuits, Andersen and the Andersen Funds should be added to the existing interpleaded

**Page 4 – MOTION TO JOIN PARTY**

SHANNON MARTINEZ LAW, LLC
400 Glen Creek Rd NW, #5613, Salem, OR 97304
Tel: (503) 877-5213
Email: shannon@shannonmartinezlaw.com

funds in this case. *See e.g., Libby, McNeill & Libby v. City Nat'l Bank*, 592 F2d 504, 508 (1978) (citing general rule that interpleader requires more than one claim against the fund); *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F 887, 894 (2012) (a stakeholder's good faith belief there may be colorable competing claims satisfies the obligation for an interpleader action).

**B.  This Court has Jurisdiction Over Andersen Under 28 USC § 1335**

Additionally, joinder is proper here because the Court has jurisdiction over Andersen and the Andersen Funds under 28 USC § 1335. The requirements for district court jurisdiction over a civil action for interpleader is as follows:

1.  Money or property at issue with a value of $500 or more,

2.  Two or more adverse claimants of diverse citizenship who are claiming to be entitled to such money or property, and

3.  The money or property at issue has been deposited with the registry of the court.

All three requirements are met here. The Andersen Funds total more than $500. There exists diversity jurisdiction for the action filed by Plaintiff. Andersen is a Washington entity and does not defeat or disrupt the diversity that already exists. Defendants and Plaintiff are comprised of defendants of different states, including Oregon, Washington, California and Delaware. Additionally, all defendants have adverse claims both to the funds interpleaded by Plaintiff and the Andersen Funds equally, by way of the same liens at issue in this case. Lastly, Andersen is ready and prepared to deposit the Andersen Funds in the registry of the Court when added as a party. *See VanGelder Dec,* ¶¶7, 8.

It also furthers judicial economy and efficiency to add Andersen as a party to this case. Not only does it avoid multiple lawsuits with the same claims, but it also increases the monies available to pay the respective claims of the defendants and furthers settlement. This also avoids

**Page 5 – MOTION TO JOIN PARTY**

other potential related litigation, such as foreclosure of the statutory Oregon and Washington liens, and any collection, action or demand by Quick Funding Group, LLC over the Andersen Funds.

### IV. An Order Should Also be Entered Enjoining Other Actions

Upon a finding of jurisdiction under 28 USC § 1335 and an order adding Andersen as a party to this case, this Court may also issue an order "restraining the [claimants] from instituting or prosecuting any proceeding in any State or United States affecting the property, instrument or obligation involved in the interpleader action until further order of the court." Due to the competing claims and demand by Quick Funding Group, LLC, Milk Movers respectfully requests that the Court's order adding Andersen as a party also restrain any such separate action.

### V. Motion for Order Allowing Deposit of Funds

Milk Movers further moves, under FRCP 67 and LR 67-2, for an Order permitting Andersen to immediately deposit the Andersen Funds into the Court, so that Andersen may comply with the requirements of 28 USC § 1335 to interplead the Andersen Funds. Andersen claims no interest in the funds and is ready, willing and able to deposit the funds with the Clerk of this Court.

### VI. Conclusion

For the reasons set forth above, Milk Movers is entitled to an order adding Andersen as a party and additional interpleader to this proceeding, allowing Andersen to pay the Andersen Funds

///

///

///

///

///

///

**Page 6 – MOTION TO JOIN PARTY**

SHANNON MARTINEZ LAW, LLC
400 Glen Creek Rd NW, #5613, Salem, OR 97304
Tel: (503) 877-5213
Email: shannon@shannonmartinezlaw.com

into the registry of the Court, and further restraining the parties, under 28 USC § 2361, from

instituting any proceeding in any other court affecting the Andersen Funds.


Dated:  July 24, 2026

s/ Shannon Raye Martinez
Shannon Raye Martinez, OSB No. 034276
*shannon@shannonmartinezlaw.com*
SHANNON MARTINEZ LAW, LLC
400 Glen Creek Rd NW, #5613
Salem, OR 97304
503-877-5213
*Of Attorneys for Defendant Milk Movers USA, LLC*

s/ Terry Scannell
Terry Scannell, OSB No. 853220
terry@scannellaw.com
SCANNELLAW LLC
7307 SW Belevand Rd Ste 200
Portland, OR 97223
503-789-6566
*Of Attorneys for Defendant Milk Movers USA, LLC*

**Page 7 – MOTION TO JOIN PARTY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the United States District Court for the State of Oregon using the CM/ECF system, which will send notification of such filing to all counsel of record.

Sean R. McClendon | Craig G. Russillo
*smcclendon@schwabe.com*
*crussillo@schwabe.com*
Schwabe Williamson & Wyatt, P.C.
1211 SW Fifth Avenue, Suite 1800
Portland, OR 97204
503-222-9981
*Attorneys for Plaintiff Tillamook County Creamery Association*

Gary L. Blacklidge
*gary.blacklidge@jordanramis.com*
Jordan Ramis - PACWEST, 27th Floor
1211 SW Fifth Avenue
Portland, OR 97204
503-598-7070
*Attorneys for Defendants Callahan Dairy, LLC, Castle Grove Dairy, LLC, and Spring Creek, LLC*

David A. Bernstein
*dbernstein@buchalter.com*
Buchalter LLP
805 S.W. Broadway, Suite 1500
Portland, OR 97205
503-226-8490
*Attorneys for Defendant Newco Capital Group, VI, LLC*

John M. Thomas
*jthomas@mccarthyholthus.com*
McCarthy & Holthus
920 SW Third Avenue, First Floor
Portland, OR 97204
971-201-3203
*Attorneys for Defendant Wynwood Capital Group LLC*

John A. McIntosh
*johnm@schweetlaw.com*
Schweet Linde Rosenblum, PLLC
PO Box 80646
Seattle, WA 98108
206-381-0118
*Attorneys for Defendant LTI, Inc., dba Milky Way*

Daniel C. Peterson
*dpeterson@cosgravelaw.com*
Cosgrave Vergeer Kester, LLP
900 SW Fifth Avenue, 24th Floor
Portland, OR 97204
503-323-9000
*Attorneys for Defendant Fekkes Dairy, LLC*

Loren S. Scott | Natalie C. Scott
*ecf@scott-law-group.com*
Scott Law Group LLP
PO Box 70422
Springfield, OR 97475
541-868-8005
*Attorneys for Defendant Brown Cow Dairy, LLC*

Jared M. Ahern | Olivia Loftin
*jahern@cablehuston.com*
*oloftin@cablehuston.com*
Cable Huston LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
503-224-3092
*Attorneys for Defendants Riverview Ranch, LLC and Smeenk Brothers Dairy, LLC*

Page 8 – **CERTIFICATE OF SERVICE**

William G. Fig
*wfig@sussmanshank.com*
Sussman Shank, LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205
(503) 227-1111
*Attorneys for Defendants Harlen E. Miersma, and Hilary Jo Miersma*

Holly C. Hayman
*hhayman@fwwlaw.com*
Farleigh Wada Witt, PC
121 SW Morrison Street, Suite 600
Portland, OR 97204-3136
503-228-6044
*Attorney for Defendant George DeRuyter and Son Dairy LLC*

Emilia Saporiti | Scott L. Jensen
*esaporiti@brownsteinrask.com*
sjensen@brownsteinrask.com
Brownstein Rask, LLP
1 SW Columbia Street, Suite 900
Portland, OR 97204
503-412-6736
*Attorneys for Intervenor Ever May Farms, Inc.*

Will Gent
*will.gent@tonkon.com*
Tonkon Torp LLP
1300 SW 5th Ave, Ste 2400
Portland, OR 97201
*Attorney for Quick Funding Group, LLC*

Dated: July 24, 2026

s/ Shannon Raye Martinez
Shannon Raye Martinez, OSB No. 034276
*shannon@shannonmartinezlaw.com*
SHANNON MARTINEZ LAW, LLC
400 Glen Creek Rd NW, #5613
Salem, OR 97304
503-877-5213
*Of Attorneys for Defendant Milk Movers USA, LLC*

s/ Terry Scannell
Terry Scannell, OSB No. 853220
terry@scannellaw.com
SCANNELLAW LLC
7307 SW Belevand Rd Ste 200
Portland, OR 97223
503-789-6566
*Of Attorneys for Defendant Milk Movers USA, LLC*

.

Page 9 – **CERTIFICATE OF SERVICE**